UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOOD DIVISION

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| MERIT TRANSPORT INC.; DAWN CRUMP; and RICHARD CRUMP, | ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, United Specialty Insurance Company ("United"), hereby seeks Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, against the Defendants, Merit Transport, Inc., Dawn Crump, and Richard Crump, for purposes of determining a question of actual, immediate controversy between the parties. In support hereof, United states as follows:

### PARTIES

1. At all pertinent times, United has been an insurance company organized and existing under the laws of the State of Delaware, with its principal place of business in Texas.

2. Upon information and belief, Merit Transport, Inc. ("Merit") is an organization operating and existing under the laws of the State of South Carolina. Upon information and belief, Merit is registered as a South Carolina corporation.

3. Upon information and belief, Dawn Crump is a natural person and resident of Oconee County, South Carolina.

4. Upon information and belief, Richard Crump is a natural person and resident of

Oconee County, South Carolina.

5.      United issued a commercial automobile liability policy, Policy Number UTO-SC-0000091 to "Merit Transport Inc" for the policy period May 26, 2019 to May 26, 2020 (hereinafter referred to as the "Policy").  A copy of the Policy is attached hereto as **Exhibit "A."**

6.      On or around October 28, 2022, Dawn and Richard Crump ("Underlying Plaintiffs") filed an amended complaint in the Court of Common Pleas for Newberry County, South Carolina against Katelyn Highsmith ("Highsmith") and Merit Transport Inc. (collectively "Underlying Defendants"), in a lawsuit styled *Dawn G. Crump and Richard Linville Crump v. Katelyn Marie Highsmith and Merit Transport, Inc.*, Case No. 2022-CP-36-00352 (the "Underlying Lawsuit").  A copy of the amended complaint filed in the Underlying Lawsuit ("Underlying Complaint") is attached hereto as **Exhibit "B"**.

7.      United is participating in the defense of Merit in the Underlying Lawsuit subject to a separate reservation of rights under the Policy.

8.      As the Underlying Plaintiffs in the Underlying Lawsuit, Dawn and Richard Crump have an interest in the outcome of this declaratory judgment action for a determination as to whether the Policy provides coverage for their claims and alleged damages that are the subject of the Underlying Lawsuit.

**JURISDICTION AND VENUE**

9.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees, and costs.

10.     Venue is proper in the United States District Court of the District of South Carolina pursuant to 28 U.S.C. § 1391 because at least one Defendant resides in this District and because

- 2 -

the events giving rise to the basis of the Underlying Lawsuit occurred in this District.

## NATURE OF THE CLAIM

11.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, for the purpose of construing and interpreting the terms of an insurance contract and for a determination of the rights and obligations, if any, of the parties arising from the insurance contract (the Policy) issued by United to Merit.

12.     An actual, present, and existing controversy exists among the parties to this lawsuit regarding the rights and obligations, if any, of the parties under the Policy with respect to the Underlying Lawsuit and the claims brought therein.

13.     All conditions precedent to the filing of this action have been performed or have occurred.

14.     Count I of this Complaint seeks a judgment declaring that the Policy's Unnamed Driver Exclusion precludes all coverage for the claims asserted against Merit in the Underlying Lawsuit.

15.     Count II of this Complaint seeks a judgment declaring that the Policy's Unscheduled Auto Exclusion precludes all coverage for the claims asserted against Merit in the Underlying Lawsuit.

## FACTUAL BACKGROUND

16.     The Underlying Complaint alleges that on or about November 3, 2019, Richard Crump was driving a vehicle in which Dawn Crump was a passenger, along Interstate 26 in Newberry County, South Carolina when traffic came to a standstill and they had to stop their vehicle.  [Ex. B. at ¶¶ 7-8.]

17.     According to the Underlying Complaint, Highsmith was traveling behind the

- 3 -

Underlying Plaintiffs in the same direction and failed to come to a stop and struck a vehicle with her 2014 GMC SUV, which set off a series of collisions which ultimately caused two vehicles to strike the Underlying Plaintiffs' vehicle. [Ex. B. at ¶¶ 7-8.]

18.     Allegedly, as a result of the collision, Dawn Crump was injured.  [Ex. B. at ¶ 9.]

19.     The Underlying Complaint alleges that Highsmith was acting "in the course and scope of her employment" with Merit at the time of the accident.  [Ex. B. at ¶¶ 2, 4.]

20.     The Underlying Complaint alleges that Highsmith was negligent in, *inter alia*, failing to keep a proper lookout, failing to maintain proper control over the vehicle, failing to take evasive actions to keep from striking the vehicles and operating her vehicle at a speed to fast for the conditions.  [Ex. B. at ¶¶ 10a.-l.]

21.     Allegedly, as a result of Highsmith's negligence, Dawn Crump was seriously injured and has suffered "extreme physical and emotional pain and suffering and discomfort, loss of enjoyment of life. . ."  [Ex. B. at ¶ 11.]

22.     The Underlying Complaint alleges that the negligence of Highsmith is imputable to Merit.  [Ex. B. at ¶ 10.]

23.     The Traffic Collision Report Form for the accident lists Highsmith's vehicle as a 2014 GMC with a vehicle identification number of 2GKFLVEK2E6323199.  A copy of the traffic collision report is attached hereto as **Exhibit "C".**

24.     Upon information and belief, at the time of the accident, Highsmith was not acting within the course or scope of employment her employment with Merit.

## THE POLICY

25.     The Policy provides commercial auto liability coverage, subject to the terms, conditions, limitations and exclusions of the Policy.

- 4 -

PD.45242691.1

26. The Policy's Insuring Agreement for Liability Coverage provides, in pertinent part, that United Specialty "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." [Ex. A, Policy Section II – Liability Coverage.]

27. Further, the Policy's Insuring Agreement for Liability Coverage provides "[w]e have the right and duty to defend any 'insured' against a 'suit' asking for such damages or a 'covered pollution cost or expense'. However we have no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage' or a 'covered pollution cost or expense' to which this insurance does not apply." [Ex. A, Policy Section II – Liability Coverage.]

28. The Policy defines "insured", in pertinent part, as follows:

**1) Who Is An Insured**

The following are "insureds":

a. You for any covered "auto";

b. Anyone else whom you have advised the Company and received formal approval in writing from the Company while using with your permission a covered "auto" you own, hire, or borrow **EXCEPT**

\* \* \*

ii. Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

\* \* \*

[Ex. A, Policy Section II – Liability Coverage.]

29. Relatedly, Section I ("Covered Autos") of the Policy provides, in pertinent part, as follows:

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a Coverage on the Declarations designate

- 5 -

> the only "autos" that are covered "autos". It is further agreed and understood that [y]ou have to advise the Company and receive written confirmation prior to effecting coverage for any covered automobiles to be scheduled as a covered automobile.

[Ex. A., Policy Section I – Covered Autos.]

30.     Moreover, Section I of the Policy contains a description for nine categories of "autos" designated by symbols 1 through 9.  The Policy's declarations establish that subject to all of the Policy's other terms, limitations, exclusions, and conditions, the Policy's liability coverage can only extend to "autos" in categories **2, 8, and 9**.  Relevant here, Section I contains the following description for Symbols 2, 8, and 9:

> [2]     Only those "autos" you own and any "trailers" you don't own while attached to power units you own. This includes those "autos" you acquire ownership of after the policy begins.

> \* \* \*

> [8]     Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

> \* \* \*

> [9]     Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business.

[Ex. A., Policy Section I – Covered Autos.]

31.     The Policy also contains an exclusion for unscheduled autos, which provides that coverage under the Policy is limited to "such automobiles as scheduled with the Carrier."  [Ex. A., Policy Business Auto Policy Declarations, Item Four.]

32.     The Policy similarly contains an exclusion for unnamed drivers, which provides that "[t]he coverage afforded hereunder is limited to those named drivers as scheduled with the

PD.45242691.1

Carrier." [Ex. A., Policy Business Auto Policy Declarations, Item Five.]

33.	In addition to the foregoing provisions of the Policy, United pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be found applicable, and United reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## COUNT I - DECLARATORY RELIEF
### (No Duty to Defend and/or Indemnify due to the Unnamed Driver Exclusion)

34.	United adopts and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 33 as though completely and fully set forth herein.

35.	There is an actual, present, and existing controversy between United and Defendants regarding whether coverage is available under the Policy for the claims asserted against Defendant Merit in the Underlying Lawsuit.

36.	Pursuant to the Declaratory Judgment Act, 28 U.S.C §§ 2201-2202, United seeks a judicial declaration of its rights and duties as to Merit under the Policy with respect to the Underlying Lawsuit.  The Court's declaration will confer certainty on the parties with respect to their rights and obligations under the Policy for the claims and alleged damages that are the subject of the Underlying Lawsuit.

37.	All conditions precedent to the filing of this action have been performed or have occurred.

38.	In the Underlying Lawsuit, Underlying Plaintiffs seek damages against Merit and Highsmith based upon Highsmith's negligent operation of a vehicle.  [Ex.. B. at ¶¶ 10a.-l.]

39.	Specifically, the Underlying Complaint alleges that Highsmith "was in the course and scope of her employment with Defendant, Merit, and was furthering the business interest of said Defendant, Merit, when this accident occurred."  [Ex.. B. at ¶ 2.]

40.    However, the Policy's Declarations at "ITEM FIVE" contain an Unnamed Driver Exclusion that provides: "[t]he coverage afforded hereunder is limited to those named drivers as scheduled with the Carrier" (the "Unnamed Driver Exclusion").  [Ex. A., Policy Business Auto Policy Declarations, Item Five.]

41.    Highsmith was not named in the Policy as an approved driver, and is thus an unnamed driver.

42.    United did not approve and schedule Highsmith as an approved named driver for the Policy.

43.    Accordingly, pursuant to the Unnamed Driver Exclusion, no coverage exists under the Policy for the claims in the Underlying Lawsuit, because the Underlying Complaint clearly alleges that the driver who allegedly caused the accident, Highsmith, was not a named driver as scheduled with the Carrier (United), as required by ITEM FIVE of the Policy's Declarations.

44.    Accordingly, United contends that it has no duty to defend any party in connection with the Underlying Lawsuit and/or to pay any sums that Merit may be legally obligated to pay Underlying Plaintiffs in connection with the Underlying Lawsuit, based on the Unnamed Driver Exclusion because Highsmith was not a named driver as scheduled with the Carrier (United) at the time of accident.

45.    In addition to the foregoing provisions of the Policy, United pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which may be found applicable, and United reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Plaintiff United prays that this Honorable Court:

(a)    enter a declaratory judgment declaring that Plaintiff, United, has no duty to defend Defendant Merit for the claims asserted against it by Dawn and Richard Crump in the Underlying

Lawsuit, and that United can withdraw from the defense of Merit ;

(b)    enter a declaratory judgment declaring that Plaintiff, United, has no duty to indemnify Defendant Merit for any judgment entered against it and/or for any settlement payment it makes regarding the claims asserted against it by Dawn and Richard Crump in the Underlying Lawsuit;

(c)    enter a declaratory judgment declaring that Plaintiff, United, is entitled to reimbursement of all defense fees and cost paid to defend Merit in the Underlying Lawsuit;

(d)    award Plaintiff, United, the costs of this action; and

(e)    award any other relief the Court deems just and proper.

## COUNT II - DECLARATORY RELIEF
### (No Duty to Defend and/or Indemnify - Unscheduled Auto Exclusion)

46.    United adopts and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 33 as though completely and fully set forth herein.

47.    There is an actual, present, and existing controversy between United and Defendants regarding whether coverage is available under the Policy for the claims asserted against Defendant Merit in the Underlying Lawsuit.

48.    Pursuant to the Declaratory Judgment Act, 28 U.S.C §§ 2201-2202, United seeks a judicial declaration of its rights and duties as to Merit under the Policy with respect to the Underlying Lawsuit.  The Court's declaration will confer certainty on the parties with respect to their rights and obligations under the Policy for the claims and alleged damages that are the subject of the Underlying Lawsuit.

49.    All conditions precedent to the filing of this action have been performed or have occurred.

50.    The Underlying Complaint alleges that Highsmith was driving her personal vehicle,

PD.45242691.1

a 2014 GMC SUV. [Ex. A. at ¶ 8.] Consistent with this allegation, the Traffic Collision Report Form for the accident lists Highsmith's vehicle as a 2014 GMC with a vehicle identification number of 2GKFLVEK2E6323199. [Ex. C.]

51.    However, the Policy's Declarations at "ITEM FOUR" contains an Unscheduled Auto Exclusion that provides: "[t]he Coverage afforded hereunder only covers such automobiles as scheduled with the Carrier." [Ex. B. Policy Business Auto Policy Declarations, Item Four.]

52.    The Policy's Vehicle Schedule does not list vehicle identification number 2GKFLVEK2E6323199, which is the VIN of Highsmith's vehicle that was involved in the accident described in the Underlying Complaint. [Ex. B. Vehicle Schedule.]

53.    Thus, at the time of the accident, Highsmith was driving an unscheduled personal vehicle.

54.    Therefore, the Unscheduled Auto Exclusion precludes coverage for the accident that is the subject of the Underlying Lawsuit.

55.    Accordingly, United submits that it has no duty to defend any party in connection with the Underlying Lawsuit and/or pay any sums that Merit may be legally obligated to pay Underlying Plaintiffs in connection with the Underlying Lawsuit, based on the Policy's Unscheduled Auto Exclusion.

56.    In addition to the foregoing provisions of the Policy, United pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which may be found applicable, and United reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Plaintiff United prays that this Honorable Court:

(a)    enter a declaratory judgment declaring that Plaintiff, United, has no duty to defend Merit for the claims asserted against it by Dawn and Richard Crump in the Underlying Lawsuit,

PD.45242691.1

and that United can immediately withdraw from the defense of Merit;

(b)    enter a declaratory judgment declaring that Plaintiff, United, has no duty to indemnify Merit for any judgment entered against it and/or for any settlement payment it makes regarding the claims asserted against it by Dawn and Richard Crump in the Underlying Lawsuit;

(c)    enter a declaratory judgment declaring that Plaintiff, United, is entitled to reimbursement of all defense fees and cost paid to defend Merit in the Underlying Lawsuit;

(d)    award Plaintiff, United, the costs of this action; and

(e)    award any other relief the Court deems just and proper.

Respectfully submitted this the 1st day of May 2024.

PHELPS DUNBAR LLP

By:    /s/ Kevin M. O'Brien
       Kevin M. O'Brien
       S.C. Bar No.: 100968
       D.S.C. Federal Court ID No.: 11781
       GlenLake Four | 4141 ParkLake
       Avenue, Suite 530
       Raleigh, North Carolina 27612-3723
       Telephone:    919-789-5300
       Facsimile:    919-789-5301
       E-mail: kevin.obrien@phelps.com

       *Attorney for United Specialty Insurance*
       *Company*

- 11 -

PD.45242691.1